WALTER R. CANNON, ESQ.
Nevada Bar No. 001505
OLSON, CANNON, GORMLEY
ANGULO & STOBERSKI
9950 W. Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 - telephone
(702) 383-0701 - fax
wcannon@ocgas.com
Attorney for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SANDRA PALMER,

    Plaintiff,

v.

LOWE'S HOME CENTERS, LLC
d/b/a LOWE'S STORE #1863; DOE
EMPLOYEE; DOES I through V and
ROE CORPORATIONS VI through
X, inclusive,

    Defendants.

CASE NO.:  2:16-cv-00033-JCM-PAL

## STIPULATION AND ORDER TO EXTEND DISCOVERY CUTOFF
(Third Request)

COMES NOW, Plaintiff, SANDRA PALMER, by and through her attorney, BENJAMIN J. MILLER, ESQ., of SIMON LAW, and Defendant, LOWE'S HOME CENTERS, LLC, d/b/a LOWE'S STORE #1863, by and through its attorney, WALTER R. CANNON, ESQ., of OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI, and hereby stipulate, agree and make this joint application to extend the discovery cutoff date, for a period of ninety-one (91) days, from January 9, 2017, to and including April 10, 2017.  This Stipulation is made and based upon the following facts and for the following reasons:

. . .

. . .

. . .

## I. INTRODUCTION

This action arises from an alleged incident that occurred on September 10, 2013, upon the premises of Lowe's Store #1863 located at 6050 W. Craig Road, Las Vegas, Nevada. In her Complaint, Plaintiff alleges that she tripped and fell on the floor of the Lowe's store and sustained various injuries. Defendant's Answer denies these allegations and affirmatively alleges that many of Plaintiff's claimed injuries resulted from accidents or incidents occurring both prior and subsequent to the incident giving rise to this litigation.

## II. DISCOVERY COMPLETED TO DATE

1. On February 8, 2016, Plaintiff, Donald Palmer, was dismissed out of this action without prejudice.

2. On February 23, 2016, a Stipulation and Order Dismissing Plaintiff's Lost Wage Claim was filed and served.

3. Plaintiff has served and Defendant has responded to Requests for Admissions, Request for Production of Documents and Interrogatories.

4. Defendant has served and Plaintiff has responded to Request for Production of Documents and Interrogatories.

5. Plaintiff, Sandra Palmer's deposition was taken on March 25, 2016.

6. An IME was conducted on the Plaintiff by Dr. Hugh Bassewitz on April 7, 2016.

7. On April 20, 2016, the parties submitted a Stipulation and Order for an Extension/Modification of Discovery Plan and Scheduling Order (First Request) which was approved by the Court.

8. On May 4, 2016, Andrew M. Cash, M.D.'s deposition was commenced, but not concluded.

9. On May 5, 2016, William Muir, M.D.'s deposition was taken.

10. On May 6, 2016, Jaswinder Grover, M.D.'s deposition was taken.

. . .

. . .

. . .

11. The deposition of Dr. Kimberly Adams was noticed for June 15, 2016, but was taken off calendar due to a change of defense counsel.

12. The deposition of Dr. Andrew Cash was set for June 16, 2016, however, was taken off calendar due to the change of defense counsel.

13. On June 10, 2016, a Status Report was filed with the Court.

14. On June 13, 2016, Walter R. Cannon, Esq. substituted in as counsel of record for Defendant Lowe's Home Centers, LLC.

15. On July 22, 2016, Defendant supplemented its Answers to Interrogatories and Request for Production of Documents.

16. On August 9, 2016, Defendant served its Designation of Expert Witnesses.

17. On September 16, 2016, Defendant served its Supplemental Designation of Expert Witnesses.

18. On November 7, 2016, Plaintiff served her Designation of Expert Witnesses.

19. On November 21, 2016, Plaintiff served her Answers to Defendant's Supplemental Interrogatories.

20. On November 30, 2016, a Joint Status Report was filed with the Court.

21. The parties have jointly collected a large number of medical records from Plaintiff's various treating physicians, for not only the incident giving rise to this litigation, but other incidents that occurred both prior and subsequent to the instant one.

## III. DISCOVERY REMAINING

The parties have engaged in extensive discovery to date. Unfortunately, the parties discovery is not completed nor can it be completed prior to the January 9, 2017 discovery cutoff date. The parties still need to take at least six depositions, five of which will be from Plaintiff's treating physicians. Additionally, the parties anticipate taking depositions from at least one declared expert from each side.

. . .

. . .

. . .

## IV. REASON DISCOVERY REMAINING WAS NOT CONDUCTED DURING THE SCHEDULED DISCOVERY PERIOD

There are two primary reasons why the parties have not completed their discovery, despite two prior discovery extensions. First, the extremely complicated medical background of the Plaintiff. As noted, Ms. Palmer has been involved in a number of other accidents involving injury both prior and subsequent to the one giving rise to this litigation. As a consequence, Plaintiff has designated 11 separate physicians who have treated Plaintiff since the accident. Initially, the parties had some difficulty in gathering the medical records from all of these physicians. Once this process was finally completed, the Defendant took the depositions of five of these doctors. Additionally, during the current discovery period, the parties took the depositions of two additional doctors, leaving four medical depositions yet to be taken. Over the last 60 days, the parties attempted to set these remaining four depositions. However, given the doctors' schedules and the holidays, they have been unable to get these depositions set as of this writing.

Second, over the last 30 to 45 days, the parties have been involved in settlement negotiations. While some progress has certainly been made, no resolution has yet been reached and, as a consequence, the parties recently agreed to take their remaining disputes to a private mediator. Unfortunately, the earliest date that the parties could secure for a mediation is February 10, 2017, which is beyond the current discovery cutoff date. The parties believe that they should be able to resolve their remaining differences in mediation, thereby avoiding the considerable expense associated with taking the remaining depositions. However, if they fail to do so, they would need approximately 60 days to complete their remaining discovery and be ready for trial.

## V. PRIOR REQUEST TO EXTEND THE DISCOVERY CUTOFF DATE

This is the parties third request to extend the discovery cutoff date and it is made in good faith and not merely for the purposes of delay. The parties have a realistic belief that this matter can be settled in mediation and, if it's not, the additional time requested by this Stipulation

. . .

should allow the parties ample time to complete their discovery and be ready for trial. No trial date has yet been scheduled in this matter.

Based upon this Stipulation and for the reasons set forth herein, the parties would respectfully request that the Court extend the present discovery cutoff date for a period of ninety-one (91) days, from January 9, 2017, to and including April 10, 2017.

DATED this 19th day of December, 2016.

| SIMON LAW | OLSON, CANNON, GORMLEY ANGULO & STOBERSKI |
|---|---|
| BY: /s/ Benjamin J. Miller<br>BENJAMIN J. MILLER, ESQ.<br>Nevada Bar No. 10406<br>810 South Casino Center Blvd.<br>Las Vegas, Nevada 89101<br>Attorney for Plaintiff | BY: /s/ Walter R. Cannon<br>WALTER R. CANNON, ESQ.<br>Nevada Bar No. 001505<br>9950 W. Cheyenne Avenue<br>Las Vegas, Nevada 89129<br>Attorney for Defendant |

## ORDER

Based upon the Joint Stipulation of the parties and good cause appearing therefrom, it is hereby ORDERED:

1. That the current January 9, 2017, discovery cutoff date be extended for a period of ninety-one (91) days, through and including April 10, 2017.

2. That the disclosure of experts has already occurred and, therefore, no request is being made herein for an extension of those dates.

3. That all dispositive motions shall be served and filed not later than May 10, 2017.

. . .
. . .
. . .
. . .
. . .
. . .
. . .

4. That the parties Joint Pretrial Order shall be filed with the Court no later than June 9, 2017, unless dispositive motions are filed, in which case the date for filing the Joint Pretrial Order shall be suspended until thirty (30) days after the decision of the dispositive motions or further Order of the Court.

5. No trial date has of yet been set.

6. No further extensions will be allowed.

Dated: December 28, 2016

_____
UNITED STATES MAGISTRATE JUDGE

Respectfully submitted,

| SIMON LAW | OLSON, CANNON, GORMLEY ANGULO & STOBERSKI |
|---|---|
| BY: /s/ Benjamin J. Miller<br>BENJAMIN J. MILLER, ESQ.<br>Nevada Bar No. 10406<br>810 South Casino Center Blvd.<br>Las Vegas, Nevada 89101<br>Attorney for Plaintiff | BY: /s/ Walter R. Cannon<br>WALTER R. CANNON, ESQ.<br>Nevada Bar No. 001505<br>9950 W. Cheyenne Avenue<br>Las Vegas, Nevada 89129<br>Attorney for Defendant |